# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Shaylamar Gilmore,** ) | **CASE NO. 1:05CR460** |
| ) | **(1:07CV1854)** |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OPINION &** |
| Respondent. ) | **ORDER** |

This matter is before the Court upon Petitioner Shaylamar Gilmore's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Case No. 1:07CV1854, Dkt. #1; Case No. 1:05CR460, Dkt. # 59). Also before the Court is the Government's "Brief in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence"(Case No. 1:05CR460, Dkt. # 62), and Petitioner's reply. (Case No. 1:05CR460, Dkt. # 65). For the reasons set forth below, Petitioner's motion is **DISMISSED.**

## I. FACTUAL BACKGROUND

On January 4, 2006, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute and to distribute crack cocaine in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. (Case No. 1:05:CR460 Dkt. # 41). On April 6, 2006, this Court sentenced Petitioner to, *inter alia*, 151 months imprisonment and three years of supervised release. (Case No. 1:05:CR460 Dkt. # 53). Petitioner filed no notice of appeal.

On April 4, 2007, Petitioner filed a Motion for Extension of Time to File a Motion for

Relief Under 28 U.S.C. § 2255. (Case No. 1:05:CR460 Dkt. # 57). This Court granted that motion, and allowed Petitioner until June 19, 2007, to proceed under 28 U.S.C. § 2255.

On June 21, 2007, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Government, in its brief in opposition, argues, *inter alia*, that Petitioner's motion is time-barred by the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Government also argues that Petitioner's grounds for relief are without merit.

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. ANALYSIS

Section 2255, ¶ 6, provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of du diligence.

28 U.S.C. § 2255 (2006). The one-year limitation period is a statute of limitations. See Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Generally, the operative date from which the limitation period begins to run is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1); See Dodd v. United States, 545 U.S. 353 (2005). Where a defendant does not appeal his federal criminal conviction, the judgment of conviction becomes final at the time that such an appeal is no longer possible. See Clay v. United States, 537 U.S. 522, 527-28, 532 (2003). Thus, in the present case, the judgment of conviction became final on April 16, 2006, ten days after it was entered by this Court. See Fed. R. App. P. 4(b)(1)(A). The one-year limitation period under § 2255, therefore, was set to expire on April 16, 2007. On Petitioner's motion, this Court extended the limitation period until June 19, 2007. Nevertheless, Petitioner did not file his § 2255 motion until June 21, 2007, two days after this Court's extended deadline. (Case No. 1:05:CR460 Dkt. # 59).

The Sixth Circuit has noted, however, that "because there is a rebuttable presumption that equitable tolling applies to statutes of limitation and there is no indication that Congress

did not intend for equitable tolling to apply to the limitations period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling." Dunlap, 250 F.3d at 1004. The five factors to consider when determining the appropriateness of equitably tolling a statute of limitations are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. See Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988); see also Dunlap, 250 F.3d at 1009-10.

Petitioner acknowledged his awareness of the one-year limitation period in filing his Motion for Extension of Time to File a Motion for Relief Under 28 U.S.C. § 2255. (Case No. 1:05:CR460 Dkt. # 57). In that motion, Petitioner stated, "my time is getting very very [sic] short because of the one year limitation." (Case No. 1:05:CR460 Dkt. # 57). Petitioner claims no lack of notice of the filing requirement. In addition, Petitioner offers no argument to persuade this Court that he diligently pursued his rights so as to toll the one-year statutory period. Therefore, equitable tolling is not appropriate in the present case.

As Petitioner did not file within the one year limitations period, nor within the extended time allowed by this Court, he is time-barred from filing the present motion. Thus, the Court is without jurisdiction to review the merits of the instant petition.

**IV.    CONCLUSION**

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby

**DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);  Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

>**/s/  Peter C. Economus - August 7, 2007**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**